IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICAH J. YOAKUM, SR.,**

    **Plaintiff,**

    v.                      CASE NO. 21-3017-SAC

**JEFF ZMUDA, et. al,**

    **Defendants,**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff challenges the computation of his state sentences. Plaintiff alleges that documents were falsified, and his sentences were not computed properly. Plaintiff seeks an injunction ordering his release from illegal incarceration, and compensatory and punitive damages. Because Plaintiff challenges the computation of his sentence and seeks release or a speedier release, the Court will grant Plaintiff the opportunity to submit his claims pursuant to a petition for a writ of habeas corpus.

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983. To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3).

However, Plaintiff will not be able to seek monetary damages in a habeas action. Before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid

1

conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87.

Plaintiff has also filed a Motion for Preliminary and Permanent Injunction (Doc. 3), seeking the same relief he seeks in his Complaint—proper computation of his sentence and release from incarceration. Because this relief must be sought pursuant to a petition for writ of habeas corpus as set forth above, the Court denies the motion without prejudice to Plaintiff seeking this relief in a § 2241 petition.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2). Although the filing fee for a civil action is $402.00, the filing fee for filing a habeas corpus petition is $5.00. The Court will deny the motion without prejudice to reconsidering the motion in the event Plaintiff elects to proceed with a habeas corpus petition. Plaintiff shall either submit a habeas

petition on the court-approved form or notify the Court that he does not intend to pursue his claims as a habeas action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary and Permanent Injunction (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 12, 2021**, in which to either submit his claims as a petition for writ of habeas corpus or to notify the Court that he does not intend to pursue his claims as a habeas action.

The Clerk is directed to provide Plaintiff with forms and instructions for filing a petition under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

**Dated February 12, 2021, at Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**