**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MICAH J. YOAKUM, SR.,**

      **Plaintiff,**

      **v.**                                     **CASE NO.  21-3017-SAC**

**JEFF ZMUDA, et. al,**

      **Defendants,**

**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  Plaintiff challenges the computation of his state sentences.  Plaintiff alleges that documents were falsified, and his sentences were not computed properly.  Plaintiff seeks an injunction ordering his release from illegal incarceration, and compensatory and punitive damages.  Because Plaintiff challenges the computation of his sentence and seeks release or a speedier release, the Court entered a Memorandum and Order (Doc. 4) granting Plaintiff the opportunity to submit his claims pursuant to a petition for a writ of habeas corpus.  The Court also denied Plaintiff's motion for leave to proceed *in forma pauperis* and motion for preliminary and permanent injunction without prejudice.  Plaintiff has filed motions (Docs. 5, 6) asking the Court to reconsider its Memorandum and Order.  Plaintiff argues that he "does not intend to pursue his claims as a habeas action" and asks the Court to reconsider his motion for leave to proceed *in forma pauperis* and motion for preliminary and permanent injunction.  (Doc. 5, at 1.)

The Court will grant Plaintiff's motions to reconsider and will address Plaintiff's motion for leave to proceed *in forma pauperis* and motion for preliminary and permanent injunction.

1

The Court previously denied Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice, due to the different filing fees for habeas and civil rights actions. Now that Plaintiff has indicated he does not wish to pursue this action as a habeas action, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*. The Court will also screen Plaintiff's Complaint in accordance with 28 U.S.C. § 1915A.

## I. Nature of the Matter before the Court

Plaintiff has expressed his intent to bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on April 22, 2016, he was sentenced in Leavenworth County Case Nos. 2014-CR-324 and 2015-CR-205. Plaintiff alleges that he received a sentence of 24-month's incarceration with 48-month's supervised release.[1] Plaintiff alleges that he filed grievances in October and November of 2019, because he believed that he was not released at the appropriate time. Plaintiff was informed that he was a parole violator. Plaintiff alleges that documents were falsified with the intent to keep him incarcerated.

In Count I, Plaintiff claims he was denied due process by Jeff Zmuda, Michelle Sullivan and Julie Manion. Plaintiff claims due process violations based on deliberate indifference to his liberty, the "willful blindness, unfair treatment, and arbitrary action" and by falsification of documents. In Count II, Plaintiff alleges unequal treatment in violation of the Equal Protection Clause.

Plaintiff names as defendants: Jeff Zmuda, KDOC Secretary of Corrections; Michelle Sullivan, KDOC Sentence Computation Unit Manager; and Julie Manion, Unit Team Specialist for Records. Plaintiff seeks declaratory relief, a preliminary and permanent injunction ordering

---

[1] In Plaintiff's grievance attached to his Complaint he asserts that he was sentenced to 12 months of incarceration with 24 months of supervised release in both cases. (Doc. 1–1, at 5.)

Defendants Sullivan and Manion to stop falsifying documents and ordering Defendant Zmuda to "actually end the Plaintiff's illegal incarceration." Plaintiff also seeks nominal damages, punitive damages, and compensatory damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

4

## III.  DISCUSSION

Plaintiff's Complaint attaches Plaintiff's grievances, in which Plaintiff sets forth that he was sentenced in 14-CR-324 and 15-CR-205 for trafficking in contraband in a correctional facility.  At the time, Plaintiff was already serving a sentence for "15 to life" which was imposed on June 16, 1997.  (Doc. 1–1, at 4–5.)  Plaintiff alleges that the sentences were to run concurrently, and his sentence for trafficking in contraband should have ended on April 22, 2017, at which time he was "required to be released." *Id*. at 5.

The response to Plaintiff's grievance states that Plaintiff is a parole violator, he was considered for parole on April 17, 2017, and the Prisoner Review Board made the decision to pass Plaintiff for five years with his next scheduled review set for May 22, 2022. *Id*. at 6. Plaintiff was also advised that the sentence requiring the longest period of incarceration—his life sentence—was the controlling sentence. *Id*. at 10.

Plaintiff believes that documents were falsified because he was not released at the end of his sentence for trafficking in contraband in a correctional facility, and because he is listed as a parole violator even though he was not on parole.  Plaintiff's claims relate to the calculation of his sentence.  As the Court advised Plaintiff, these claims must be brought in a habeas action under 28 U.S.C. § 2241.

"[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482

(1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000).

Therefore, any claim challenging the computation of his sentence is not cognizable in a § 1983 action and must be brought pursuant to a petition for writ of habeas corpus under § 2241. *See Frey v. Adams Cnty. Court Servs.*, 267 F. App'x 811, 813 (10th Cir. 2008) (unpublished) ("To the extent that [plaintiff] seeks injunctive relief, success on this claim would result in a speedier release from custody, so the claim cannot be pursued under § 1983 but must be pursued as a habeas claim under § 2241 . . . And insofar as [plaintiff] seeks damages, he has no cause of action until he obtains relief from the sentence.") (citing *Preiser*, 411 U.S. at 500 and *Heck*, 512 U.S. 477); *see also Worrell v. Deboo*, Case No. 5:07CV90 (STAMP), 2009 WL 1423923, at *2 (N.D. W. Va. May 20, 2009) (petitioner's claims challenging revocation proceeding and arguments that the United States Parole Commission created fraudulent documents and warrants to retain jurisdiction over him was brought under § 2241); *see also United States v. Morgan*, Case No. 08-20135-01-JWL, 2019 WL 2208155, at *1 (D. Kan. May 22, 2019) ("Because Mr. Morgan is challenging the BOP's computation of his good-time credit, his motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 . . .") (citations omitted).  Plaintiff should show good cause why his claims should not be dismissed as not properly brought in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a

§ 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.   In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

Plaintiff has also filed a Motion for Preliminary and Permanent Injunction (Doc. 3), seeking the same relief he seeks in his Complaint—proper computation of his sentence and release from incarceration.  Because this relief must be sought pursuant to a petition for writ of habeas corpus as set forth above, the Court denies the motion.

**V.  Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  The failure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to reconsider (Docs. 5, 6) are **granted** to the extent that the Court will reconsider Plaintiff's motion for leave to proceed *in forma pauperis* and motion for preliminary and permanent injunction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary and Permanent Injunction (Doc. 3) is **denied.**

7

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 9, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**Dated March 11, 2021, at Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**