IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICAH J. YOAKUM, SR.,

    **Plaintiff,**

    v.                                CASE NO. 21-3017-SAC

JEFF ZMUDA, et. al,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. Plaintiff challenges the computation of his state sentences. Plaintiff alleges that documents were falsified, and his sentences were not computed properly. Plaintiff seeks an injunction ordering his release from illegal incarceration, and compensatory and punitive damages. Because Plaintiff challenges the computation of his sentence and seeks release or a speedier release, the Court entered a Memorandum and Order (Doc. 4) granting Plaintiff the opportunity to submit his claims pursuant to a petition for a writ of habeas corpus.

Plaintiff responded that he "does not intend to pursue his claims as a habeas action." (Doc. 5, at 1.) Therefore, the Court screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915A. On March 11, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set out in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 8).

The Court found in the MOSC that Plaintiff's claims relate to the calculation of his sentence. As the Court previously advised Plaintiff, these claims must be brought in a habeas

action under 28 U.S.C. § 2241.  Because Plaintiff expressed his intent to bring this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, the Court directed Plaintiff to show good cause why his claims should not be dismissed as not properly brought in a § 1983 action.

The Court also found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (*Heck* applies to proceedings that call into question the fact or duration of parole or probation) (citation omitted).

In his Response, Plaintiff again argues that he is not challenging the computation of his sentence or the fact or duration of his confinement.  Plaintiff asserts that he is not seeking a speedier release because "[t]he validity of Plaintiff's sentence IS CORRECT."  (Doc. 8, at 1.)  Plaintiff maintains that this action is about falsified documents that entitle him to money damages.  *Id*. at 3.  This argument is made despite his allegations in his Complaint that defendants actions resulted in illegal incarceration and his request for relief to "end Plaintiff's illegal incarceration."  (Doc. 1, at 8–10.)

Plaintiff apparently alleges that some of his sentence computation documents were falsified, but they resulted in a perfectly valid sentence and he is not entitled to a speedier release.  Plaintiff has not suggested how he was injured by the alleged falsified documents.  Because Plaintiff is incarcerated, his request for compensatory damages must be supported by a physical injury.  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent

part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has alleged no injury caused by the defendants. *See Jung Sik Kim v. Kansas*, 211 F. App'x 674, 675 (10th Cir. 2006) (unpublished) (holding that prisoner failed to state a § 1983 claim where he alleged no injury to him under federal law).

To the extent Plaintiff is alleging fraud, it is a state law claim that must be brought in state court. *See Lucero v. Gordon*, 786 F. App'x 833, 836–37 (10th Cir. 2019) (unpublished) (finding that district court did not abuse discretion in declining to exercise supplemental jurisdiction over state law fraud claim).

Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

Dated May 5, 2021, at Topeka, Kansas.

>                               s/ Sam A. Crow
>                               SAM A. CROW
>                               U. S. Senior District Judge