IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICAH J. YOAKUM, SR.,**

 **Plaintiff,**

 v.           CASE NO. 21-3017-SAC

**JEFF ZMUDA, et. al,**

 **Defendants.**

## MEMORANDUM AND ORDER

 Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. On May 5, 2021, the Court entered a Memorandum and Order (Doc. 9) dismissing this case. On May 10, 2021, Plaintiff filed a Notice of Appeal (Doc. 11). This matter is before the Court on Plaintiff's Motion for Appointment of Appellate Counsel (Doc. 12).

 Plaintiff alleges that he is unable to afford counsel, his imprisonment will limit his ability to litigate, the issues are complex and will require significant research and investigation, Plaintiff is in administrative segregation with limited access to a law library, Plaintiff has limited formal education, a trial will likely involve conflicting testimony, and counsel would be better able to present evidence and cross-examine witnesses.

 The Court has considered Plaintiff's motion for appointment of appellate counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v.*

*Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to Plaintiff filing a motion for appointment of counsel with the Tenth Circuit.

The Court also notes that Plaintiff has failed to either pay the appellate filing fee or to file a motion for leave to appeal *in forma pauperis*.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Appellate Counsel (Doc. 12) is **denied without prejudice.**

**IT IS SO ORDERED.**

Dated May 11, 2021, at Topeka, Kansas.

>    s/ Sam A. Crow
>    SAM A. CROW
>    U. S. Senior District Judge